IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **PLAINTIFF** |
| | ) | |
| **V.** | ) | **Civil No. 2:25-CV-2089** |
| | ) | |
| **$56,000 UNITED STATES CURRENCY** | ) | **DEFENDANT** |

## DEFAULT JUDGMENT OF FORFEITURE

This matter comes before the Court on the Motion for Default Judgment of Forfeiture filed by the United States of America and, finding that the relief sought by such motion has merit and should be granted, the Court further finds and adjudicates as follows:

1. The Complaint for Forfeiture *in Rem* in this matter was filed on August 20, 2025, alleging that the Defendant property should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6) as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 841 et seq.; proceeds traceable to such an exchange; or moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. §§ 841 et seq.

2. There was one known potential claimant, Demetrius Twine. Mr. Twine was sent notice by certified mail pursuant to Rule G(4)(b)(iii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions on August 26, 2025. *See* Doc. 7.

3.  The notice informed Mr. Twine that the defendant property had been arrested, that this civil forfeiture action was pending, that he had at least 35 days from the date the notice was sent to file a verified claim and 21 days to file an answer after filing the claim. Further, for guidance in the preparation of a claim and answer, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and warned that if this Rule was not followed a default judgment of forfeiture would be rendered. *See* Doc. 5.

4.  Additionally, in an effort to notify all unknown claimants of these proceedings, notice of this civil forfeiture action against the defendant property was published for 30 consecutive days on an official Government internet site (www.forfeiture.gov) beginning on August 21, 2025, as evidenced by the Declaration of Publication filed with this Court on October 23, 2025. *See* Doc. 10.

5.  The United States of America took all reasonable measures to ensure that all possible claimants received such notice in a timely fashion. To this date, however, no other person or entity has filed a verified claim contesting the forfeiture. Therefore, all possible claimants have been noticed and have failed to appear or otherwise defend their interests and the United States of America is entitled to a judgment of forfeiture, all without the necessity of any further notice to any other person or entity.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

A.  The Motion for Default Judgment (Doc. 12) is **GRANTED**. The United States of America is hereby given a judgment of forfeiture against the defendant property, $56,000 United States Currency, and against the interest therein of Demetrius Twine, and any and all persons or entities having or claiming an interest in the defendant property;

  B. Title to the defendant property is hereby vested in the United States of America and any administrative claims or interests therein of any persons or entities are hereby cancelled; and

  C. The defendant property is referred to the custody of the United States Marshal Service for disposition in accordance with all laws and regulations.

**IT IS SO ORDERED** on this 18th day of November, 2025.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE